AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

Any and all funds in Chevy Chase Bank
account #xxxxxx6496,
held in the name of Jung Cheng

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER:

I, _____Eric Alan Traceski_____ being duly sworn depose and say:

I am a(n) __Special Agent with the United States Secret Service__ and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely (describe the property to be seized)

> Any and all funds in Chevy Chase Bank account #xxxxxx6496,
> held in the name of Jung Cheng

which is (state one or more bases for seizure under the United States Code)

subject to seizure, pursuant to 18 U.S.C. § 981(b) and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(f)), as any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of 18 U.S.C. § 2314 (interstate transportation of stolen property) or traceable to such property; as well as property involved in money laundering, in violation of 18 U.S.C. § 1956, and subject to forfeiture pursuant to 18 U.S.C. § 981 and 982.

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES   ☐ NO

Diane Lucas
Asset Forfeiture Unit, Criminal Division
(202) 514-7912

Signature of Affiant
Eric Alan Traceski, Special Agent
United States Secret Service

Sworn to before me, and subscribed in my presence

_____    at Washington, D.C.
Date

_____    _____
Name and Title of Judicial Officer    Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A SEIZURE WARRANT

I, Eric Alan Traceski, being duly sworn, depose and state as follows:

## ITEMS TO BE SEIZED

1. This affidavit is in support of a seizure warrant for the following items: Any and all funds in Chevy Chase Bank Account # xxxxxx6496, held in the name of Jung Cheng.

## AFFIANT'S EXPERIENCE

2. I am a Special Agent with the United States Secret Service ("USSS"), assigned to the Washington Field Office. I have been a Special Agent with the Secret Service for over five years, and am currently assigned to the United States Secret Service Metro Area Fraud Task Force ("MAFTF"). As a member of the MAFTF, I am authorized to investigate crimes involving fraud in the Washington Metropolitan area. My education includes a Bachelor's degree in Criminal Justice from Bluefield College. I have completed a 12 week training program at the Federal Law Enforcement Training Center for criminal investigators which included instruction on the investigation of various criminal offenses, including theft, theft-schemes, fraud and related acts. Further, I completed a 12 week Secret Service Special Agent Training Course. This training course included instruction on the investigation of criminal activities, including bank fraud, money laundering, and asset forfeiture. Prior to becoming a Special Agent, I was honorably discharged from the United States Marine Corps and served as an Administrative Assistant to the Commandant of the U.S. Marine Corps. In my five years of federal law enforcement experience, I have participated in a number of arrests and search warrants relating to white collar and financial crimes.

3. The affiant is working with the MAFTF in the investigation of allegations that funds

were stolen from a Chevy Chase Bank account held in the name of AEPA Construction LLC (hereinafter referred to as "AEPA"). I make this affidavit based on personal knowledge through investigative techniques and in part, upon information derived from statements made by witnesses and other law enforcement officers, representatives of financial institutions, and a review of bank records.

4. This affidavit is not intended to include each and every fact related to this investigation. This affidavit only sets forth those facts necessary to support probable cause to in support of this application for a civil and criminal seizure warrant, and thus, it does not contain every fact known by me or the United States.

## PURPOSE OF APPLICATION AND LEGAL DISCUSSION

5. The MAFTF is investigating allegations that from on or about September 4, 2007 through October 5, 2007, Collen Cheng stole approximately $212,600.00 of AEPA's money by issuing six checks made payable to Jung Cheng on AEPA's Chevy Chase Bank business account. The six AEPA checks obtained as a result of the scheme were deposited into Jung Cheng's personal Chevy Chase Bank account #xxxxxx6496; three of those checks were deposited into Jung Cheng's account at Chevy Chase Bank branches in Virginia or Maryland.

6. This affidavit is submitted in support of seizing the above-listed funds by a civil and criminal seizure warrant pursuant to 18 U.S.C. § 981(b) and 28 U.S.C. §2461(c)(incorporating 21 U.S.C. § 853(f)).

7. As discussed in detail below, I have probable cause to conclude that Collen Cheng engaged in a scheme to obtain $212,600.00 from AEPA by issuing checks made payable to Jung Cheng and falsely claiming they were for business related purposes. Furthermore that there is

probable cause to believe that Collen Cheng transported, transmitted or transferred in interstate commerce, securities or money of the value of approximately $81,600.00, knowing the same to have been stolen, embezzled, converted or taken by fraud; and/or devised a scheme to defraud, for obtaining money by means of false or fraudulent pretenses, representation, or promises, and transported or caused to be transported in interstate commerce in the execution or concealment of the scheme to defraud that property having a value of $5,000 or more.  I also have probable cause to conclude that any and all funds in Jung Cheng's Chevy Chase Bank account #xxxxxx6496 are subject to forfeiture because they were involved in "financial transactions" as defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of interstate transportation of stolen property (18 U.S.C. § 2314), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7), incorporating 18 U.S.C. § 1961(1), in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

       8. As the proceeds of transportation of stolen property, in violation of 18 U.S.C. § 2314, funds up to $81,600.00 in Jung Cheng's Chevy Chase Bank account #xxxxxx6496 are subject to seizure and forfeiture pursuant to 28 U.S.C. § 2461(c) (incorporating the procedures of 21 U.S.C. § 853) and/or 18 U.S.C. §§ 981(a)(1)(C) and (b), as any property, real or personal, which constitutes or is derived from proceeds traceable to, or as property derived from an offense constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c) (incorporating 18 U.S.C. § 1961(1)).  Additionally, all property involved in money laundering, in violation of 18 U.S.C. § 1956, including any and all funds in Jung Cheng's Chevy Chase Bank account #xxxxxx6496, are subject to seizure pursuant to 21 U.S.C. § 853(f) (as incorporated by 18 U.S.C. § 981 and 982) and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (b), and 982(a)(i) as any

property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

9. Title 18 U.S.C. § 984 provides that, in any forfeiture action *in rem* in which the subject property is cash [or] funds deposited into a financial institution, the government does not have to identify the specific property involved in the offense that is the basis for the forfeiture; it is no defense that said property has been removed and replaced by identical property; and identical property found in the same account as the property involved in the forfeiture offense are subject to forfeiture. In essence, § 984 allows the government to seize for civil forfeiture identical property found in the same place where the "guilty" property had been kept. However, § 984 does not allow the government to reach back in time for additional period without limitation; a forfeiture action against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than one year from the date of the offense.

## PROBABLE CAUSE

10. This investigation began when Alfred H. Mr. Liu ("Mr. Liu"), president of AEPA Architects Engineers and chairman of AEPA contacted law enforcement regarding funds being stolen from AEPA's Chevy Chase Bank business account. Mr. Liu told investigators that around the last week of September 2007 he approached his business partner in AEPA, Collen Cheng, and requested to see the bank records to review the company's finances. According to Mr. Liu, Collen Cheng repeatedly failed to share the bank records with him. Subsequently, Mr. Liu got a copy of AEPA's bank records from Chevy Chase Bank and discovered large checks totaling $212,600.00 made payable to Jung Cheng, issued by Collen Cheng.

11. Mr. Liu told investigators that he met Collen Cheng several years ago through

different business projects associated with Mr. Liu's business. In May, 2007, Collen Cheng told Mr. Liu that he had left his previous employer and Mr. Liu offered Cheng a job overseeing current projects at his company, AEPA Architects Engineers.

12. In June 2007, Mr. Liu went into partnership with Collen Cheng and established AEPA to oversee AEPA Architects Engineers' construction projects. AEPA has one office located at 2421 Pennsylvania Avenue, N.W. Washington D.C. In the District of Columbia incorporation papers, Collen Cheng is listed as company president and Mr. Liu as chairman of the board. According to Mr. Liu, funding for the LLC was provided by Mr. Liu and AEPA Architects Engineers. Collen Cheng brought no money into the company. There were no employees of AEPA, however Collen Cheng did have the use of a secretary employed by AEPA Architects Engineers.

13. According to Mr. Liu, Collen Cheng's duties included overseeing construction projects and paying vendors and contractors. Collen Cheng worked out of the AEPA's office located at 2421 Pennsylvania Avenue, N.W. Washington D.C.

14. On June 11, 2007, a business checking account, #xxxxxx0265 in the name of AEPA was opened at the Chevy Chase Bank branch located at 2400 M Street, N.W., Washington D.C. A review of the signature card for account #xxxxxx0265, show that both Mr. Liu and Collen Cheng were signatories on the account.

15. A review of bank records of the AEPA's checking account #xxxxxx0265 revealed that between approximately September 4, 2007 and September 25, 2007, Collen Cheng wrote six (6) checks made payable to Jung Cheng, totaling $212,600.00. All six (6) checks were deposited into a Chevy Chase Bank account #xxxxxx6496, held in the name of Jung Cheng. Deposits of

the six checks were made at the following Chevy Chase Bank branches: 3131 Duke Street, Alexandria, Virginia; 2400 M Street, N.W., Washington D.C.; and 11241 Georgia Avenue, Wheaton, Maryland.

16. The following chart shows the locations of deposits and amounts of the six AEPA check issued by Collen Cheng and made payable to Jung Cheng:

| DATE | CHECK NO. | AMOUNT | LOCATION |
| --- | --- | --- | --- |
| 9/4/07 | 1075 | $10,000.00 | Duke Street |
| 9/17/07 | 1084 | $3,600.00 | Georgia Avenue |
| 9/17/07 | 1086 | $68,000.00 | Georgia Avenue |
| 9/18/07 | 1089 | $40,000.00 | M Street N.W. |
| 9/24/07 | 1097 | $75,000.00 | M Street N.W. |
| 9/25/07 | 1062 | $16,000.00 | M Street N.W. |

17. On October 29, 2007, Collen Cheng was interviewed by investigators. Collen Cheng admitted to investigators that he issued and signed the above listed six checks made payable Jung Cheng and then deposited them into Jung Cheng's Chevy Chase Bank account #xxxxxx6496.

18. At that interview, Collen Cheng stated the six checks were issued as a refund to his cousin, Jung Cheng, for allegedly investing in AEPA. Collen Cheng provided no proof that Jung Cheng invested any monies in AEPA.

19. On November 6, 2007, investigators spoke again with Mr. Liu. Mr. Mr. Liu stated that Jung Cheng had no business relationship with AEPA or any investment in the business. Mr. Mr. Liu said that Collen Cheng would not have any legitimate business reason to write any checks to Jung Cheng. Further, Mr. Mr. Liu stated that he believed that Collen Cheng had in the past referred to Jung Cheng as his brother, who he believed was deceased.

20. The investigation revealed that Collen Cheng and Jung Cheng were both allegedly living at 2727 Duke Street, Apt. 1201, Alexandria, Virginia 22314. A property manger for the building was interviewed on November 1, 2007 and a copy of the lease for the above listed apartment was obtained. The lease for that apartment was in the name of Jung Cheng. A known photograph of Collen Cheng was shown to the property manager. She stated that she knew the person in the photograph to be Jung Cheng.

21. In a later interview with law enforcement officers on November 21, 2007, Collen Cheng told investigators that he took over his cousin, Jung Cheng's lease, and never changed the name on the lease in the past 5 years he has lived there.

22. On November 21, 2007, investigators re-interviewed Collen Cheng, who had legal counsel present. Initially, Collen Cheng stated that he wrote the six (6) checks in question to Jung Cheng as a refund for Jung Cheng's investment in AEPA Construction. When asked to provide proof of this investment, Collen Cheng could not. Collen Cheng then changed his story regarding why he wrote the six checks to Jung Cheng. Collen Cheng said that he was new to the construction business and thought he needed an individual account for each project that the company worked on. Collen Cheng stated that he used his cousin's bank account to hold the investment funds for the "2nd Street" project that AEPA was working on. Collen Cheng was shown a copy of his professional resume, which he had provided to investigators on October 29, 2007, stating that he had 30 years of experience in construction. Investigators ask Collen Cheng why someone with his experience would believe he needed separate accounts for each project. Collen Cheng then told investigators that Mr. Liu was pressuring him into writing checks from AEPA's account to Mr. Liu, so he moved AEPA funds by depositing the six checks into Jung

Cheng's Chevy Chase Bank account in order to safeguard the money from Mr. Liu. When asked why Mr. Mr. Liu would need Collen Cheng to write checks on the AEPA account when Mr. Liu had signatory authority on the account, Collen Cheng had no answer.

23. In the second interview, Collen Cheng also stated that he had a power of attorney for Jung Cheng's Chevy Chase Bank account and provided a document which appeared to be a power of attorney, however, the date stamp of the notary was illegible. He also stated that he opened a credit card in Jung Cheng's name, but has since closed the account.

24. Investigators asked how they could get a hold of Jung Cheng. Collen Cheng stated that Jung Cheng is now traveling in China for an unknown period of time and there is no contact information or any direct way to make contact with him.

25. The investigation revealed that Collen Cheng and Jung Cheng purportedly have the same date of birth, but different social security numbers.

26. To date, investigators have been unable to locate the individual identified by Collen Cheng as Jung Cheng, for an interview.

27. A review of the bank records for Jung Cheng's Chevy Chase checking account #xxxxxx6496 revealed that around the time that Mr. Liu asked Collen Cheng for AEPA's financial records, three (3) checks were issued (on September 26, 2007, October 4, 2007 and October 5, 2007) from Collen Cheng's Chevy Chase account #xxxxxx6496 and made payable to AEPA, totaling $24,000.00.

28. According to bank records, as of August 31, 2007, before the six checks were deposited, the balance in Jung Cheng's Chevy Chase Bank account #xxxxxx6496 was $40,216.45 and there were no transactions before the September 4, 2007 deposit of $10,000.00

from the AEPA check. As of October 21, 2007, when Chevy Chase Bank froze Jung Cheng's account, there was a balance of $220,306.15 in the account.

## CONCLUSION

29. Based on the facts, the Affiant believes there is probable cause that between on or about September 4, 2007 and October 5, 2007, Collen Cheng engaged in a scheme to defraud AEPA Construction LLC of $212,600.00, by issuing six checks made payable to Jung Cheng, and then depositing checks into Jung Cheng's Chevy Chase Bank account #xxxxxx6496 at various Chevy Chase Bank branches located in the District of Columbia, Virginia and Maryland. Because there is $220,306.15 in Chevy Chase Bank account # xxxxxx6496 at this time, there is probable cause to believe that the proceeds the interstate transportation of stolen property are still in the above listed account. Furthermore, there is probable cause to believe that Collen Cheng deposited the checks in Jung Cheng's Chevy Chase Bank account #xxxxxx6496 in an attempt to conceal or disguise the nature, location, source, ownership or control of the proceeds of transportation of stolen property.

_____
Eric Alan Traceski
Special Agent
United States Secret Service

Sworn to and subscribed before me this \_\_\_\_\_ day of December 2007

_____
United States Magistrate Judge